IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILL LIETZKE,       Plaintiff, | § § § | |
| v. | § | 3:13-CV-4468-B-BK |
| COUNTY OF MONTGOMERY, et al.,       Defendants. | § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an Alabama resident, filed a *pro se* civil rights complaint against Montgomery County, Alabama, and Alabama residents Reese McKinney, D. T. Marshall, and an unidentified Sheriff Officer, along with a motion to proceed *in forma pauperis*. For the reasons that follow, it is recommended that this action be summarily dismissed.

### I. BACKGROUND

Plaintiff asserts that in 1999 and 2002, Defendants seized him from his home and involuntarily confined him in a psychiatrist hospital following various hearings in probate court. (Doc. 3 at 2-7). He seeks monetary damages for false imprisonment, malicious prosecution, harassment, and kidnapping – claims that Plaintiff has unsuccessfully litigated in at least three other actions. *See Lietzke v. County of Montgomery*, No. 2:07-CV-943 (M.D. Alabama Mar. 3, 2008) (accepting recommendation and dismissing case as frivolous because it was barred by *res judicata*, statute of limitations, and absolute immunity). *See also Lietzke v. County of Montgomery, et al.*, No. 1:12-CV-00145, 2012 WL 5449623 (D. Idaho May 29, 2012), *accepting recommendation*, 2012 WL 5449617 (D. Idaho Nov. 5, 2012) (dismissing as frivolous because jurisdiction and venue were lacking); *Lietzke v. County of Montgomery, et al.*, No. 2:12-CV-

00268, 2013 WL 1033037 (D. Utah Feb. 21, 2013), *accepting recommendation*, 2013 WL 1031725 (D. Utah Mar. 14, 2013) (same).

Over the past ten years, Plaintiff has filed more than twenty cases in federal courts nationwide against these and other Alabama residents complaining of related civil rights violations. *See* Public Access to Courts Electronic Records (PACER) for a full listing of Plaintiff's cases. A random sampling indicates that the vast majority of these lawsuits were dismissed as frivolous and/or for failure to state a claim. At least one court has restricted Plaintiff from filing new lawsuits. *See Lietzke v. City of Montgomery, et al.*, No. 3:06-CV-1804 (D. Or. Mar. 19, 2007) (imposing pre-filing requirement which requires that all pleadings be "reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive.")[1]

## II. ANALYSIS

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

---

[1] Contemporaneously with this action, Plaintiff filed a separate lawsuit against the City of Montgomery, Alabama. *See Lietzke v. City of Montgomery, et al.*, No. 3:13-CV-4466-G-BF (N.D. Tex.) (pending screening).

Here, Plaintiff's allegations duplicate the claims that he has pursued unsuccessfully in the Middle District of Alabama and in the Districts of Idaho and Utah. Thus, his complaint is frivolous. *See* Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff"). In light of the duplicative nature of the complaint and Plaintiff's lengthy and notorious history of filing repetitive, frivolous lawsuits, his request to proceed *in forma pauperis* should be denied and sanctions should be imposed. *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N. D. Tex. Apr. 26, 2012), recommendation accepted, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and imposing sanctions because of plaintiff's history of filing frivolous, repetitive lawsuits).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Plaintiff be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file. It is further recommended that Plaintiff be **WARNED** that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.

SIGNED November 12, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](#); [FED. R. CIV. P. 72(b)](#). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,](#)* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE